# Anderson *et al. v.* Wynne *et als.*

### *Bill in Equity to settle Guardianship.*

1. *Guardian; for what not chargeable.*—In this case, the court reaffirms, and declines to depart from the rule declared in numerous decisions, that an executor, or administrator, or guardian (not a mere agent or attorney), who, in good faith and in the exercise of reasonable diligence, during the war, in the regular administration of the trust, received, in satisfaction of debts due him in his representative capacity, Confederate treasury notes, while they were the circulating medium and generally received in payment of debts and in the transaction of business, is not chargeable, because the results of the war rendered them worthless.

APPEAL from Greene Chancery Court.

Heard before Hon. A. W. DILLARD.

This was a bill filed by the appellees, Erasmus Wynne and others, who are his brothers and sisters, against the appellant, Thomas J. Anderson, their former guardian, and Sarah E. Kimbrough, as the administratrix of a deceased surety on his bond. The facts may be thus stated : Anderson was appointed guardian of appellees in 1863, and gave bond, with the intestate of his co-appellant, Sarah E. Kimbrough, as his surety. Soon after, he received, as such guardian, in Confederate currency, about three hundred dollars, coming to appellees on a distribution of the proceeds of sale of lands belonging to their grand-father's estate. This is shown to be the only property of his wards that ever came into his hands; and, in his answer, he avers that he had never used any of said money for his own benefit, and offers to return the identical money he received. The proof sustains his answer. The chancellor held that he was liable to account, in good money, for the sum thus received, and ordered an account to be stated. From this decree Anderson and the administratrix of his surety appeal.

E. MORGAN, and W. & J. WEBB, for appellants.—The proof shows that Andrson only received Confederate money, and that the same perished on his hands, by the results of the war, and without fault on his part. There are numerous decisions of this court which hold that he is not chargeable for such a loss.—See *Key v. Jones,* 52 Ala. 238; *Waring v. Lewis,* 53 Ala. 615.

SNEDECOR & COCKRELL, *contra.*—The liability of the guardian is supported by the following authorities :   *Horn v. Lockard,* 17 Wallace, 570; *Houston v. DeLoach,* 43 Ala. 364; *Powell & Boon v. Booth,* 43 Ala. 459; *Hudgins v. Cameron, Adm'r,* 50 Ala. 379; *Millsap v. Stanley,* 50 Ala. 319.

BRICKELL, C. J.—There are numerous decisions of this court, from which we have no inclination to depart, that an executor, or administrator, or guardian, or trustee (not a mere agent or attorney), who, in good faith and in the exercise of reasonable diligence, during the war, in the regular administration of the trust, received, in satisfaction of debts due to him in his representative capacity, Confederate treasury notes, while they were the circulating medium, and generally received in payment of debts and in the transaction of business, is not chargeable, because the results of the war rendered them valueless.—*Ferguson v. Lowry,* 54 Ala. 510 ; *Waring v. Lewis,* 53 Ala. 615; *Key v. Jones,* 52 Ala. 238; *Foscue v. Lyon,* 55 Ala. 441.  The discussion of the question cannot be reopened.  The decree of the Chancellor is in direct conflict with this doctrine, with the decisions to which reference is made, and other decisions of this court in manuscript.  The result is, the decree must be reversed, and a decree here rendered dismissing the bill at the costs of the appellees in this court, and in the court of chancery.


### Bill in Equity to settle Administration.